UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIFA WHITNER,

               Plaintiff,

v.

UNITED STATES,

               Defendant.

Civil Case No. 11-14458

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

## ORDER DISMISSING CASE

Before the court are Plaintiff Complaint [1], Amended Complaint [35], Second Amended Complaint [44], and "Conspiracy to Defraud" [60], which appears to be a Third Amended Complaint. On December 6, 2011, this Court issued an Order to Show Cause [47] requiring Plaintiff to provide a short, plain statement of her case in compliance with Fed. R. Civ. P. 8(a)(2). Moreover, the Court ordered Plaintiff to explain what claims she was making against the United States, the only Defendant listed in the caption of the case.[1] On December 19, 2011, Plaintiff filed a Response [57] to the Court's Order to Show Cause in which she attempt to clarify her claims against the United States. Subsequently, Plaintiff filed a third amended complaint [60] in which she listed a number of additional defendants.

Plaintiff's complaints do not comply with Fed. R. Civ. P. 8(a)(2), which requires Plaintiff to provide a "short and plain statement of the claims," or Fed. R. Civ. P. 8(d)(1), which requires the allegations in the complaint to be "simple, concise, and direct." Plaintiff's amended complaint consists of over sixty-five pages of accusations against a number of parties; Plaintiff's second and third amended complaint are sixty-eight and forty-nine pages long, respectively. The length and lack of clearly-stated claims in Plaintiff's complaints prevents possible defendants from properly

---

[1]Plaintiff served a number of individuals and corporations with her various complaints, and lists as "Parties" to the case some of the individuals and corporations served. Recognizing that Plaintiff is *pro se*, the Court will charitably interpret these "parties" as additional defendants that Plaintiff intends to bring suit against. The lack of clarity in who Plaintiff is actually bringing suit against, and for what claims, is endemic of the problems with Plaintiff's complaint, as the various defendants have not been fairly apprised of the claims against them.

answering the complaints and fails to properly apprise defendants of the claims against them. Further, certain parties that Plaintiff brings suit against have not been served and are not clearly described.[2]

Plaintiff's complaint, amended complaint, and second amended complaint named only the United States as a Defendant; Plaintiff's third amended complaint added a number of Defendants, including the State of Michigan, Wayne County, the City of Detroit, General Motors, First Place Bank, Comerica Bank, J.P. Morgan Chase Bank, and Fidelity Investments.

For the reasons stated below, the Court find that this case should be dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2), 8(d)(1), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff has not alleged enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff, relying on assertions of a vast conspiracy to defraud her of her alleged inheritance, has not "nudged [her] claims across the line from conceivable to plausible . . ." and thus her case must be dismissed. *Id.*

**Plaintiff's Claims Against the United States**

In her original complaint Plaintiff alleged civil rights claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1346(b), the Federal Tort Claims Act, but did not state precisely how said statutes had been violated, and did allege any wrongdoing or involvement on the part of United States agencies or employees. In her response to this Court's Order to Show Cause, the Plaintiff states that she brings suit against the United States for several reasons: the failure of the Securities and Exchange Commission (SEC) to investigate securities fraud, the failure of the United States Commission on Civil Rights (USCCR) to investigate alleged civil rights violations, and the failure of the Federal Bureau of Investigation (FBI) to investigate "civil rights abuse, human rights abuse, fraud, money laundering and premeditated murder." Resp. to Order to Show Cause at 4.

---

[2]For example, in her third amended complaint, Plaintiff seeks $1 billion as a "fraction of the assets taken from her" by "Bologna Agency," a party plaintiff alleges "issued bonds that were placed on the assets" of her father's estate. Plaintiff accuses said party of fraud, embezzlement and money laundering. However, no such party was served with any of the complaints, and it is unclear how said party is even involved in the case, beyond Plaintiff's implausible accusations.

Plaintiff has not alleged any securities fraud; thus, she fails to state a claim as to the SEC. As for Plaintiff's various claims involving the FBI, Plaintiff essentially complains of a failure to prosecute. The Supreme Court has consistently held that a citizen lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). The investigation and prosecution of crimes is a discretionary function of the FBI, and the Plaintiff lacks standing to challenge any decision by the FBI with regards to an alleged failure to investigate. Similarly, the investigation of civil rights violations, and the forwarding of cases to law enforcement agencies, is a discretionary function of the USCCR. Plaintiff lacks standing to challenge the investigatory decisions of said agency.

Accordingly, Plaintiff's claims against the United States are **DISMISSED** for lack of standing.

**Plaintiff's Claims against Third Circuit Court of Michigan Employees**

Plaintiff brings suit against four individuals employed by the Third Circuit Court (Probate Division) for the State of Michigan: Chief Judge Milton L. Mack, Probate Court Attorney Lawrence Paolucci, Probate Court Clerk Janet Witte, and "Supervising Manager" Brigit Stewart. On December 8, 2011, Judge Mack, Attorney Paolucci, and Clerk Witte filed a Motion to Dismiss [49].

Plaintiff's allegations are that Judge Mack, acting in his role as a probate court judge, engaged in "gross negligence and fraudulent concealment" by allegedly concealing the will of Plaintiff's father, listing Plaintiff's father's estate as intestate, concealing supposed assets, and administratively closing the estate for lack of assets. Plaintiff accuses Attorney Paolucci of "illegally [giving] the plaintiff legal advice" to terminate her alleged minor conservatorship. According to Defendants, Attorney Paolucci apparently advised Plaintiff to file a supervision of trust if she felt that a trust involving her father's money existed; Plaintiff never did so. Plaintiff accuses Clerk Witte of violating her "1st Amendment Rights" by refusing to allow Plaintiff to file a petition and allegedly refusing to provide "minor conservatorship bank account numbers" to Plaintiff. Plaintiff accuses Stewart of refusing to give Plaintiff case files regarding her mother's assets and fraudulent concealment, thereby violating her rights under the First Amendment.

To the extent that Plaintiff states a cognizable claim, Defendants Mack, Paolucci, Witte, and Stewart are entitled to judicial immunity. Plaintiff's allegations against Judge Mack concern the exercise of his judicial powers. "Disagreement with the action taken by [a] judge . . . does not

justify depriving that judge of his immunity." *Stumpy v. Sparkman*, 435 U.S. 349, 362 (1978). Judicial immunity also extends to nonjudicial officers who perform quasi-judicial duties. *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973). In this case, Attorney Paolucci, Clerk Witte, and Stewart were performing quasi-judicial duties in advising Plaintiff regarding the filing of a supervision of trust and the status of her mother's estate. Thus, they are immune from suit.

Defendants Mack, Paolucci, and Witte's Motion to Dismiss is **GRANTED.** Accordingly, Plaintiff's claims against Wayne County and Defendants Mack, Paolucci, Witte, and Stewart are **DISMISSED.**

**Plaintiff's Claims against First Place Bank**

Plaintiff claims that her father had business accounts at First Place Bank, claimed by Plaintiff to be formerly known as Franklin Bank. Plaintiff alleges that she received a letter from First Place Bank stating that they had no record of bank accounts held by Plaintiff's father. Plaintiff asserts that First Place Bank has engaged in corporate accounting fraud and securities fraud. Plaintiff did not serve First Place Bank.

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). To dismiss a case *sua sponte*, a court must:

(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause. Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

-4-

Accordingly, Plaintiff's claims against First Place Bank are **DISMISSED.**

**Plaintiff's Claims against J.P. Morgan Chase Bank**

Plaintiff accuses J.P. Morgan Chase Bank, N.A. (J.P. Morgan) of Corporate Accounting Fraud and Securities Fraud; Plaintiff alleges that J.P. Morgan concealed her mother's assets and "illegal trust" from her, despite representations by J.P. Morgan to Plaintiff that they had no records related to her.

On December 12, 2011, J.P. Morgan filed a Motion for a More Definite Statement [56]. In said motion, J.P. Morgan noted that it was unable to respond to the amended complaints because the complaints did not comply with Fed. R. Civ. P. 8 or Fed. R. Civ. P. 10(b), requiring that, to the extent possible, a Plaintiff set out claims in such a manner that individual statement are limited to a "separate transaction of occurrence." Further, J.P. Morgan noted that, to the extent that Plaintiff had alleged fraud, Plaintiff had failed to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6); Plaintiff does not allege facts that give rise to a claim of securities fraud or corporate account fraud against J.P. Morgan. Further, to the extent that Plaintiff has alleged facts in support of accusations of fraud, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

Accordingly, Plaintiff's claims against J.P. Morgan Chase Bank are **DISMISSED.**

**Plaintiff's Claims against Fidelity Workplace Services**

Plaintiff alleges that her father maintained a "financial relationship" with Fidelity Workplace Services (referred to by Plaintiff as "fidelity investments"), which allegedly acted as a "clearing house" for her father's transactions and "custodian of his book records." Plaintiff alleges that Fidelity concealed assets from her and engaged in Corporate Accounting Fraud.

On December 9, 2011, Defendant Fidelity Workplace Services, on behalf of itself and individuals Edward Johnson and Robert Clark, filed a Motion to Dismiss [50]. Fidelity argues that Plaintiff has failed to state a claim upon which relief can be granted according to Fed. R. Civ. P. 12(b)(6). Further, Fidelity argues that, to the extent that Plaintiff had alleged fraud, Plaintiff had failed to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

-5-

The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6); Plaintiff does not allege facts that give rise to a claim against Fidelity.  Plaintiff has not alleged what assets Fidelity has concealed, how Fidelity might have concealed said assets, or how Plaintiff might have been entitled to said assets.  Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

Defendants Fidelity Services, Edward Johnson, and Robert Clark's Motion to Dismiss is **GRANTED.**  Plaintiff's claims against Fidelity Workplace Services and Defendants Clark and Johnson are **DISMISSED.**

**Plaintiff's Claims Against General Motors**

Plaintiff alleges that her mother was entitled to pension benefits from GM.  Plaintiff claims that GM did not respond to subpoenas from her regarding her mother's alleged benefits, and that GM engaged in gross negligence by telling Plaintiff that account information regarding her mother did not exist in their records.  Plaintiff did not serve GM with any of the various complaints.

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6).  To dismiss a case *sua sponte*, a court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause.  Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b). From Plaintiff's pleadings, GM appears to have responded to Plaintiff's request for information with statements that said information does not

-6-

exist and/or that Plaintiff's mother was never entitled to pension benefits. Plaintiff has not alleged facts sufficient to establish an injury. Plaintiff's conclusory allegations regarding misrepresentation, fraud, concealment and tortious interference with inheritance are not sufficient to satisfy the requirements of Fed. R. Civ. P. 12(b)(6).

Accordingly, Plaintiff's claims against General Motors are **DISMISSED**.

**Plaintiff's Claims against Comerica Bank**

Plaintiff accuses Comerica Bank (J.P. Morgan) of Corporate Accounting Fraud and Securities Fraud; Plaintiff alleges that Comerica concealed her a "restricted bank account" from her. Plaintiff states that she went to a Comerica Bank branch to inquire about the bank account, but was not given information because she did not have bank account numbers. Plaintiff alleges that Comerica Bank has fraudulently concealed her "trust and conservatorship," and has engaged in misrepresentation, fraud, and tortious interference. Plaintiff served Comerica Bank on November 3, 2011; Comerica has not yet answered the Complaint.

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). To dismiss a case *sua sponte*, a court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause. Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff alleges only that Comerica Bank told her it would investigate her allegations regarding the existence of a bank account. Plaintiff's bare allegations do not establish that she has suffered an injury.

Accordingly, Plaintiff's claims against Comerica Bank are **DISMISSED.**

**Plaintiff's Claims against Wayne County and the City of Detroit**

Plaintiff bring suit against Wayne County and the City of Detroit (used interchangeably by Plaintiff) for failure to investigate the cause of her father's death, failure to respond to a 911 call regarding her mother's health, and "illegally invest[ing] plaintiff's assets and her mother's assets throughout the city of Detroit." Plaintiff claims that the medical examiner's certificate regarding the cause of her father's death is forged, and accuses Wayne County/the City of Detroit of fraud, concealment, negligence and tortious interference with her alleged inheritance. The Court notes that Plaintiff has not served Wayne County or the City of Detroit.

Plaintiff also brings suit against Rochelle Collins, an employee of the Wayne County Vital Records Department, because an employee "made false statements, because she did not want to openly issue plaintiff a fraudulent death certificate."

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). To dismiss a case *sua sponte*, a court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause. Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff does not allege sufficient facts to state a claim against Wayne County or the City of Detroit; Plaintiff does not allege how her father actually died, why or how the cause of his death was falsified, how such alleged falsification interfered with

her inheritance, or how an alleged failure to respond to a 911 call has caused a cognizable injury to Plaintiff. Plaintiff's allegation that Defendant Collins made false statement because she did not issue a fraudulent death certificate similarly fails to establish an injury or state a claim.

Accordingly, Plaintiff's claims against Wayne County and the City of Detroit, as well as Defendant Collins, are **DISMISSED.**

**Plaintiff's Claims against Woodmere Cemetery and Risko's Ferguson Funeral**

Plaintiff alleges that Woodmere Cemetery donated her mother's body to an "anatomical gift program." Plaintiff alleges that "Woodmere Cemetery perpetrated a live burial in order to aid culprits in fraud. . . ." Plaintiff also alleges that Risko's Ferguson Funeral "committed fraud by setting up a deceptive burial while the plaintiff's mother was donated to science." Plaintiff has not served either Woodmere or Risko's.

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). To dismiss a case *sua sponte*, a court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause. Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

To the extent that Plaintiff alleges criminal activity on the part of Defendants Woodmere and Risko's, the Supreme Court has consistently held that a citizen lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). The investigation and prosecution of crimes is a discretionary function of law enforcement, and the Plaintiff lacks standing to require investigation or prosecution.

Accordingly, Plaintiff's claims against Defendants Woodmere and Risko's are **DISMISSED.**

**Plaintiff's Claims against Lynn Marine**

Plaintiff brings suit against Lynn Marine, alleging that Marine was appointed as an attorney and personal representative of Plaintiff's mother's estate. Plaintiff claims that Defendant Marine, as representative of "Specialized Care Services," illegally received assets from Plaintiff's mother and "defrauded the plaintiff's mother." Defendant Lynn Marine filed a Motion to Dismiss [29] on November 16, 2011 in which she denied ever representing Plaintiff or her mother's estate.

The Court finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6). Plaintiff does not allege facts that give rise to a claim against Defendant Marine. The Court cannot discern from the facts alleged the basis of any injury to Plaintiff, as Plaintiff has not alleged how fraud took place, what assets were taken from her mother or her mother's estate, and whether Plaintiff would be entitled to any such assets should they exist. Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

Accordingly, Plaintiff's claims against Defendant Lynn Marine are **DISMISSED.**

**Plaintiff's Claims against Dr. Pohamac**

Plaintiff alleges that Dr. Bodan Pohamac "traveled to Michigan to remove the plaintiff's mother's body parts, only a few hours after her death," as part of a plot to use Plaintiff's mother's face for a facial transplant. Plaintiff alleges that Plaintiff's mother did not consent to donation and that Dr. Pohamac should not have accepted donation of Plaintiff's mother's body parts without the permission of Plaintiff or her siblings. Plaintiff alleges violation of MCL 333.10101, *et seq.*, Michigan's Revised Uniform Anatomical Gift Law. Plaintiff did not serve Dr. Pohamac.

Violation of Michigan's Revised Uniform Anatomical Gift Law is a criminal act, and the statute does not create a private right of action for enforcement. To the extent that Plaintiff alleges criminal activity on the part of Dr. Pohamac, she lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Accordingly, Plaintiff's claims against Dr. Pohamac are **DISMISSED.**

**Plaintiff's Claims against the Michigan Department of Health**

Plaintiff alleges that the Michigan Department of Health has failed to provide her with health records and has failed to investigate her allegations of fraudulent health records. Plaintiff has not served the Michigan Department of Health.

-10-

The Court *sua sponte* finds that Plaintiff has failed to state a claim according to Fed. R. Civ. P. 12(b)(6).  To dismiss a case *sua sponte*, a court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660 (6th Cir. 2000) (unreported) (quoting *Tingler v. Marshall*, 716 F.3d 1109, 1112 (6th Cir. 1983)).

This Court notified the parties, in its Order to Show Cause, of its intent to dismiss the case. Plaintiff has been given the opportunity to amend her complain and respond to the Order to Show Cause.  Plaintiff has not alleged any facts that would give rise to either securities fraud or corporate accounting fraud; moreover, Plaintiff's allegations are not plausible on their face as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff complains of bad service in answering her request for paperwork.  Plaintiff does not allege how she has been injured by being unable to access said health records, or how she has been injured by alleged fraudulent health records. Further, Plaintiff has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).

Accordingly, Plaintiff's claims against the Michigan Department of Health are **DISMISSED**.

**Conclusion**

For the reasons states above, Plaintiff's claims are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).  Defendants' Motions to Dismiss [29], [49], [50], [65] are **GRANTED**.  Motions to Dismiss [21], [22], and [61] are **MOOT** as they involve non-Defendant parties merely listed in the various complaints; Plaintiff does not allege claims against said parties in her Third Amended Complaint.  Defendant J.P. Morgan Chase's Motion for a More Definite Statement [56] is **MOOT**.  This case is **CLOSED**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 11, 2012

## CERTIFICATE OF SERVICE

I hereby certify on January 11, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 11, 2012: **Khalifa Aman Whitner; 620 Lakewood, Detroit, Michigan 48215**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182