UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KHALIFA WHITNER, | Civil Case No. 11-14458 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| UNITED STATES OF AMERICA, ET AL., | MAGISTRATE JUDGE<br>R. STEVEN WHALEN |
| Defendants. | |

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL [82] AND MOTION TO VACATE JUDGMENT [83]

Before the court are Plaintiff's Motion for Recusal [82] and Motion to Vacate [83], both filed on February 9, 2012. On December 11, 2011, the court issued an Order [77] dismissing Plaintiff's claims. Plaintiff brings her new motions seeking to vacate said order and judgment.

**Motion for Recusal**

28 U.S.C. § 455 governs the disqualification of judicial officers. Specifically, § 455(a) requires that:

> "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a). The remainder of § 455 specifies situations requiring recusal that are not relevant to Plaintiff's motion.

The essence of Plaintiff's motion is that she was denied Due Process rights under the Fifth Amendment because her case was dismissed and she was denied "Marshall Service, Status hearing, Case manager, Case Management and Scheduling Order, pretrial hearing, Trial Court Coordinator, Conferences, Discovery, Motion hearing dates." Thus, Plaintiff's motion is based upon her disagreement with this court's dismissal of her case, and her assertion that she is entitled to certain court services.

As to Plaintiff's disagreement with this court's dismissal of the case, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563 (1966)). Plaintiff provides no argument or reasons why the court's rulings would allow the impartiality of the court to reasonably be questioned.

Plaintiff also asserts that there are sufficient grounds for recusal because United States Marshals did not undertake service of process on her behalf, and because she was denied case management services. As to service of process, the court is only required to provide service of process by United States Marshals in cases where the plaintiff has been authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). That is not the case here. While the court has discretion to order service by United States Marshals in other cases, it did not choose to exercise that discretion in this case. *See* Fed. R. Civ. P. § 4(c)(3). Plaintiff has provided no authority demonstrating that she has a constitutional right to such service.

With respect to Plaintiff's claims to entitlement of certain case management and scheduling services, pursuant to Local Rule 16.1, pretrial conferences and scheduling are confined to the discretion of the court. Similarly, the determination regarding whether to hold a hearing on motions is confined to the discretion of the court pursuant to Local Rule 7.1(f). As such, Plaintiff has not demonstrated any entitlement, constitutional or otherwise, to the services she claims she was denied.

Accordingly, Plaintiff's Motion for Recusal is DENIED.

### Motion to Vacate

Plaintiff moves to vacate the judgment of this court based on Fed. R. Civ. P. 60 for a variety of reasons.

First, Plaintiff moves to vacate the judgment pursuant to Fed. R. Civ. P. 60(a), which permits the court to correct a clerical mistake. Plaintiff's argument, however, alleges bias on the part of the court in construing motions by Defendants and blames the failure of Plaintiff to serve certain parties on the court's denial of service of process by United States Marshals. However, as noted above, Plaintiff is not entitled to such service of process. Plaintiff's arguments do not concern a clerical mistake in the judgment.

Plaintiff next argues that the court's order and judgment should be vacated because of "mistake" pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff states that her name was displayed in the case as "Khalifa Whitner" when her name is, in fact, "Khalifa Iman Whitner." This does not constitute a ground for the court to vacate its order and judgment.

Plaintiff next argues that the court's order and judgment should be vacated because of fraud pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff claims she was defrauded when she was told that United States Marshal's service of process was guaranteed only for persons proceeding *in forma pauperis*. Plaintiff was not defrauded; as already noted by the court, Fed. R. Civ. P. § 4(c)(3) requires Marshal's service of process only in cases where the plaintiff proceeds *in forma pauperis*. Plaintiff blames her inability to secure service of process on the fact that "her complaint was never ordered by the court to move forward." Service of process does not involve "approval" of a plaintiff's complaint by the court. Plaintiff also complains that she was falsely told that the court was not in possession "transferred over or registered" from the probate court, and that any evidence before the court would be available electronically on the docket. These statements are not false and are a correction reflection of this court's procedures with regards to case evidence. As such, Plaintiff has failed to set forth any fraud.

Plaintiff next argues that the court's order and judgment should be vacated because of new evidence pursuant to Fed. R. Civ. P. 60(b)(3). However, Plaintiff presents no new evidence and merely repeats her statement that she was denied access to "Court files transferred" from the probate court. The court does not possess any documents not available on the court's public docket. Plaintiff has failed to set forth any new evidence.

Plaintiff's final argument is that this court's judgment and order should be vacated pursuant to Fed. R. Civ. P. 60(b)(6). Plaintiff's main argument is that, as she has chosen to proceed *pro se*, she should be held to a less strict standard of pleading and thus that the court should not have granted Defendants' motions to dismiss, and should not have *sua sponte* dismissed the remainder of the case.

While Plaintiff is correct that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, nevertheless a court may grant a motion to dismiss, or *sua sponte* dismiss a case, if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As stated by this court in its Order [77] dismissing the case, the court has made this finding. Plaintiff has provided no reason for the court to reconsider its order and judgment.

Accordingly, Plaintiff's Motion to Vacate is DENIED.

## Conclusion

For the reasons states above, Plaintiff's Motion for Recusal [82] and Motion to Vacate [83] are **DENIED**.

**SO ORDERED.**

                                         s/Arthur J. Tarnow
                                         ARTHUR J. TARNOW
Dated: May 14, 2012               SENIOR U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify on May 14, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 14, 2012: **Khalifa Whitner.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         District Judge Arthur J. Tarnow
                                         (313) 234-5182